# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02655-STV

MELISSA VIALPANDO,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

___

# ORDER
___

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Plaintiff's Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "Motion"). [#26] For the following reasons, the Motion is **GRANTED**.

    The Equal Access to Justice Act ("EAJA") provides for an award of attorneys' fees to the prevailing party in a civil action against the United States. 28 U.S.C. § 2412(d)(1). The Court must award reasonable attorneys' and paralegal fees to Plaintiff "if: (1) [she] is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)); *see also Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1993) (noting that reasonable fees for work performed by paralegals are recoverable under the EAJA). Here, the only contested issue is whether the position of the United States was

substantially justified. [*See generally* #28] On this issue, the Commissioner bears the burden. *Hackett*, 475 F.3d at 1172.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* (quotation omitted). The Commissioner's "position can be justified even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). But, "the fact that the government's litigating position was substantially justified does not necessarily offset prelitigation conduct that was without a reasonable basis." *Hackett*, 475 F.3d at 1174. Indeed, "EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Id.* (quotation omitted). However, the Tenth Circuit recognizes an exception to this rule "when the government advances a reasonable litigation position that 'cure[s] unreasonable agency action.'" *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016) (quoting *Hackett*, 475 F.3d at 1174). Pursuant to this exception, "[e]ven when the ALJ's reasons were unreasonable, EAJA fees may still be denied when the Commissioner reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless." *Groberg v. Astrue*, 505 F. App'x 763, 765 (10th Cir. 2012).

This harmless error exception only applies when the Commissioner raises "a 'true' harmless error argument." *Id.* at 765 n.1. A "true" harmless error argument contends "that the ALJ's errors do not require reversal because other reasoning already contained explicitly or implicitly in [the ALJ's] decision supplied sufficient grounds for affirmance notwithstanding the error . . . or because [the reviewing court] could confidently say that

no reasonable administrative factfinder, following the correct analysis, could have resolved [a] factual matter in any other way." *Id.* (quotation omitted). The Tenth Circuit "do[es] not consider an entirely new rationale for affirmance on grounds different from those previously considered by the ALJ to be a true harmless error argument." *Id.*

Here, the Court found that the ALJ erred by simultaneously adopting Dr. Frommelt's conclusions that Plaintiff was moderately impaired in dealing with others but nonetheless crafting an RFC that allowed for frequent interaction with coworkers and supervisors. [#24 at 13] The Commissioner argued that the nature of the jobs the ALJ found Plaintiff capable of performing rendered harmless any error made by the ALJ. According to the Commissioner, "[u]nskilled work 'ordinarily involve[s] dealing primarily with objects, rather than with data or people.'" [#19 at 17 (quoting SSR 85-15, 1985 WL 56857, at *4)] The Commissioner further maintained that "the housekeeper job does not require any talking and, likewise, taking instructions and helping is 'not significant.'" [*Id.* (quoting DOT 323.687-014, Cleaner, Housekeeping, 1991 WL 672783)] Thus, according to the Commissioner, "even if the ALJ had limited Plaintiff to less than frequent interaction with coworkers and supervisors as suggested by Dr. Frommelt's opinion, Plaintiff would nevertheless have been able to do the work of a housekeeper." [*Id.*]

This argument was "an entirely new rationale for affirmance on grounds different from those previously considered by the ALJ." *Groberg*, 505 F. App'x at 765 n.1. The ALJ never discussed the level of interaction that Plaintiff would have with coworkers and supervisors while performing the work of a housekeeper. [AR 333-45] As a result, the Commissioner's argument was not "a true harmless error argument" and the harmless error exception does not apply. *Grosberg*, 505 F. App'x at 765 n.1; *see also Honeycutt*

3

*v. Colvin*, No. 13-cv-1243-DDC, 2016 WL 4000930, at *6 (D. Kan. July 26, 2016) (finding harmless error exception did not apply where the Commissioner raised an argument different from that relied upon by the Appeals Council).  As a result, because the ALJ's action was unreasonable, and because the harmless error exception does not apply, EAJA fees are appropriate.  *Hackett*, 475 F.3d at 1174.

The Commissioner does not challenge the reasonableness of the claimed fee, but the Court nonetheless briefly addresses that issue.  The Court determines a reasonable attorneys' fees award by calculating the "lodestar amount"—the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[1] *Auto-Owners Ins. Co. v. Bridgewater Int'l, Inc.*, No. 15-cv-01665-PAB-KLM, 2018 WL 1046791, at *1 (D. Colo. Feb. 21, 2018) (first quoting *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998), then quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  In addition to attorneys' fees, the Supreme Court has held that "a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates."  *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008).

---

[1] The EAJA states that the amount of attorneys' fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  "The Court has significant discretion to determine the appropriate hourly rate for an award of fees under the EAJA," *Moreno-Gutierrez v. Napolitano*, No. 10-cv-00605-WJM-MEH, 2013 WL 3233574, at *7 (D. Colo. June 26, 2013), and "[c]ourts in this district routinely grant cost of living adjustments to attorney fee petitions under the EAJA," *Brown-Mueller v. Colvin*, No. 13-cv-00537-PAB, 2016 WL 860468, at *3 (D. Colo. Mar. 7, 2016) (collecting cases).

Here, Plaintiff seeks reimbursement of attorneys' fees at an hourly rate of $215.68. [#29 at 7] Based upon 26.3 hours of attorney time,[2] Plaintiff contends she is entitled to a total of $6,088.38 under the EAJA. The Court concludes that this proposed attorneys' fee award is reasonable. *See e.g., Stura v. Colvin*, No. CIV-14-521-KEW, 2016 WL 6882845, at *1-2 (E.D. Okla. Nov. 21, 2016) (awarding $6,213.00 in attorneys' fees for 32.7 hours in social security appeal); *Brown-Mueller v. Colvin*, No. 13-cv-00537-PAB, 2016 WL 860468, at *4 (D. Colo. Mar. 7, 2016) (awarding $8,921.77 in attorneys' fees for 47.6 hours expended at an hourly rate ranging from $186.53 to $189.67 in a social security appeal).

Accordingly, it is **ORDERED** that Plaintiff's Motion [#26] is **GRANTED** and that Plaintiff is awarded $6,088.38 in attorneys' fees. If it is determined upon effectuation of this Order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, the fee awarded herein shall be made payable to Plaintiff's attorney, Michael W. Seckar, 2904 Hart Road, Suite C, Pueblo, CO 81008.

DATED:  April 1, 2021                              BY THE COURT:

                                                                  s/Scott T. Varholak
                                                                  United States Magistrate Judge

---

[2] Plaintiff includes detailed records for how the hours billed were allotted to specific tasks. [#26 at 5-6; #29 at 7]; *Auto-Owners*, 2018 WL 1046791, at *1.